09-4553-cv
Escribano v. Greater Hartford Acad. of the Arts

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of September, two thousand eleven.

PRESENT:    DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*,
            JOHN G. KOELTL,
                                *District Judge*.[*]

---

MARIA ESCRIBANO,
            *Plaintiff-Appellant*,

    -v.-                                                No. 09-4553-cv

GREATER HARTFORD ACADEMY OF THE ARTS,
            *Defendant-Appellee*.[**]

---

                            MARIA ESCRIBANO, *pro se*, Hartford, Connecticut.

                            NICOLE C. CHOMIAK (Stacey L. Pitcher, *on the brief*), Nuzzo & Roberts, LLC, Cheshire, Connecticut, *for Defendant-Appellee*.

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Maria Escribano ("Escribano" or "Appellant") appeals from a judgment of the United States District Court for the District of Connecticut (Burns, *J.*), entered September 1, 2009, granting summary judgment for Defendant-Appellee Greater Hartford Academy of the Arts ("the Academy" or "Appellee") as to Escribano's claims of employment discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and promissory estoppel under Connecticut state law. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's grant of summary judgment *de novo*, and "will uphold the judgment only if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment was warranted as a matter of law." *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009) (internal quotation marks omitted). Although "the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists," *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1223 (2d Cir. 1994), the non-moving party nonetheless "must come forward with specific facts showing that there is a genuine issue of material fact for trial," *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Id.* (internal quotation marks omitted) (alteration in original); *see also Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (noting that "reliance upon conclusory statements or mere allegations is not sufficient" at the summary judgment stage).

In addressing a motion for summary judgment as to employment discrimination claims, "[a] trial court must be cautious about granting summary judgment to an employer when . . . its intent is in issue," and "affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Gallo*, 22 F.3d at 1224. Nevertheless, "[s]ummary judgment is appropriate even in discrimination cases, for . . . the salutary purposes of summary judgment—avoiding protracted, expensive and harassing trials—apply no less to discrimination cases than to other areas of litigation." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (internal quotation marks and alteration omitted); *see also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").

## I. Title VII Claims

We assess both claims of employment discrimination and retaliation brought under Title VII pursuant to the familiar burden-shifting framework articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See, e.g.*, *Weinstock*, 224 F.3d at 42 (Title VII employment discrimination claims); *see also Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (Title VII retaliation claims). Under the *McDonnell Douglas* framework, when alleging employment discrimination, the plaintiff must first establish a *prima facie* case of discrimination "by showing that: (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock*, 224 F.3d at 42 (citing *McDonnell Douglas*, 411 U.S. at 802) (noting, however, that this burden is "*de minimis*"). In order to establish a *prima facie* case in the retaliation context, the "plaintiff must demonstrate that (1) she was engaged in an activity

3

protected under Title VII; (2) the employer was aware of plaintiff's participation in the protected activity; (3) the employer took adverse action against plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003) (internal quotation marks omitted).

Once the plaintiff has established a *prima facie* showing of discrimination or retaliation, the burden shifts "to the employer to articulate some legitimate, nondiscriminatory reason" for the employment action. *McDonnell Douglas*, 411 U.S. at 802; *see also Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) (requiring the employer to proffer a legitimate, nonretaliatory reason for the adverse action). "The defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal quotation marks, alterations, and emphasis omitted). Once the defendant proffers a legitimate, nondiscriminatory reason for the challenged action, however, "the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture." *Weinstock*, 224 F.3d at 42. The burden then shifts back to the plaintiff to "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Id.* This requires the plaintiff to produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not discrimination was the real reason" for the challenged actions. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (internal quotation marks and alteration omitted) (requiring that a plaintiff produce something more "than conclusory allegations"). Moreover, "a

4

reason cannot be proved to be a 'pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Hicks*, 509 U.S. at 515 (emphasis in original).

We conclude that the district court did not err in dismissing Escribano's Title VII claims. Assuming, *arguendo*, that Escribano succeeded in establishing *prima facie* cases of employment discrimination and retaliation, both claims fail because the Academy has proffered legitimate, nondiscriminatory and nonretaliatory reasons for the adverse employment actions alleged by Escribano, and she has failed to demonstrate adequately that such reasons comprise mere pretext for discrimination or retaliation. *See McDonnell Douglas*, 411 U.S. at 802-04.

The Academy presented sufficient evidence that, if believed by the trier of fact, supports the conclusion that Escribano's classes were cut for nondiscriminatory or nonretaliatory reasons—in this instance, due to budgetary constraints at the Academy or at the Hartford Magnet Middle School ("HMMS")—and not as a result of Escribano's race or the filing of her complaint. *Cf. Hicks*, 509 U.S. at 507. The same is true in regards to the other adverse actions alleged by Escribano, such as, *inter alia*, the Academy's request that Escribano provide an updated résumé when she sought consideration for teaching positions outside the film and television department or its decision not to select Escribano to teach certain classes. Moreover, Escribano's purported evidence that the legitimate, nondiscriminatory motives proffered by the Academy are mere pretext for discrimination falls short of her burden under *McDonnell Douglas*. Simply put, Escribano's own conclusory allegations aside, she has failed to submit sufficient admissible evidence demonstrating that discrimination or retaliation was the true reason for the adverse employment actions she alleges. While Escribano asserts that she was treated differently from other teachers at the Academy, for

5

example, none of these other individuals identified were similarly situated to Appellant. Nor does Escribano present sufficient evidence tending to discredit the considerable evidence proffered by the Academy supporting the conclusions that Escribano's classes were cut due to budgetary concerns and the resulting elimination of the film and television department at the Academy and, subsequently, at HMMS; that an updated résumé was requested from Escribano because she was seeking teaching opportunities outside of the department in which she had originally been employed; that Escribano was not provided with additional teaching opportunities based on her lack of particular qualifications vis-à-vis other teaching candidates; or that any of the other myriad adverse actions Escribano alleges were not the result of discriminatory or retaliatory animus.[3] As expressed in the district court's thorough and well-reasoned analysis of Escribano's claims, the record amply reflects that the Academy's actions in regards to Escribano were undertaken for nondiscriminatory or nonretaliatory reasons, and her conclusory assertions to the contrary cannot rebut this showing. *See, e.g.*, *Van Zant*, 80 F.3d at 714. Under such circumstances, we conclude that the district court did not err in granting summary judgment for Appellee as to Escribano's employment discrimination and retaliation claims.

## II. Promissory Estoppel Claim

In addition, we conclude that the district court appropriately granted summary judgment for Appellee as to Escribano's claim of promissory estoppel under Connecticut state law. "Under the law of contract, a promise is generally not enforceable unless it is supported by consideration."

---

[3] To the extent Escribano raises certain alleged instances of discrimination or retaliation that she did not present to the district court, we decline to entertain such arguments, since "[w]e generally will not consider claims that were not presented in the lower court." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990).

*D'Ulisse-Cupo v. Bd. of Dirs. of Notre Dame High Sch.*, 520 A.2d 217, 221 (Conn. 1987). However, "under the doctrine of promissory estoppel '[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'" *Id.* (quoting Restatement (Second) of Contracts § 90 (1973)) (alteration in original). But Connecticut courts have made clear that "[a] fundamental element of promissory estoppel . . . is the existence of a *clear and definite promise* which a promisor could reasonably have expected to induce reliance." *Id.* (emphasis added). Thus, a promissory estoppel claim under Connecticut law requires

> proof of two essential elements: [(1)] the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and [(2)] the other party must change its position in reliance on those facts, thereby incurring some injury.

*Abbott Terrace Health Ctr., Inc. v. Parawich*, 990 A.2d 1267, 1272-73 (Conn. App. Ct. 2010) (internal quotation marks omitted). In order to induce reliance, though the promise "need not be the equivalent of an offer to enter into a contract," it "must reflect a present intent to commit as distinguished from a mere statement of intent to contract in the future." *Stewart v. Cendant Mobility Servs. Corp.*, 837 A.2d 736, 742-43 (Conn. 2003). This is because a "mere expression of intention, hope, desire, or opinion, which shows no real commitment, cannot be expected to induce reliance and, therefore, is not sufficiently promissory." *Id.* (internal quotation marks and citation omitted) (observing that "[t]he requirements of clarity and definiteness are the determinative factors in deciding whether the statements are indeed expressions of commitment").

The relevant facts underlying Escribano's promissory estoppel claim are largely undisputed. Based upon our independent review of the record, we conclude that the district court did not err in

determining that no genuine issue of material fact exists as to whether the Academy made a sufficiently definite promise to Escribano to support a claim for promissory estoppel. Simply put, nothing in the Academy's statements to Escribano or actions regarding her supports a conclusion that there existed a present intent to commit, as distinguished from mere "representations indicating that the defendants intended to enter into another employment contract with the plaintiff at some time in the future." *D'Ulisse-Cupo*, 520 A.2d at 221. Such representations "stop[ ] short of . . . a definite promise of employment on which [Escribano] could reasonably have relied." *Id.* at 222. Under such circumstances, a claim for promissory estoppel cannot lie under Connecticut law, and the district court did not err in so concluding.

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk